# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY WHITEHEAD RILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 2407 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, ILLINOIS, ) | |
| OFFICER ANDREW SCUDELLA, ) | |
| OFFICER RYAN HARTY, ) | |
| OFFICER STEVE JAROSZ, and ) | |
| TWO UKNOWN CHICAGO POLICE ) | |
| OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

After a traffic stop resulted in Plaintiff Kimberly Whitehead Riles falling and hitting her head on the street, she brought this action against the City of Chicago, Illinois (the "City") and five of its police officers—Andrew Scudella, Ryan Harty, Steve Jarosz, and two unknown officers (collectively, the "Defendant Officers")—alleging that the Defendant Officers violated her constitutional rights during a traffic stop on September 15, 2013 when the Defendant Officers allegedly illegally searched her and her car, illegally arrested her, and applied excessive force by causing her to fall and hit her head on the street. Defendants have moved to dismiss the complaint for failure to state a claim. The motion to dismiss [21] is denied. Whitehead Riles has plausibly alleged that she was subject to an illegal search, a wrongful arrest, and excessive force. She has also plausibly alleged that the City failed to adequately train, supervise, and discipline its police officers, causing the Defendant Officers' misconduct.

# BACKGROUND[1]

On September 15, 2013, Kimberly Whitehead Riles' son Deaven Riles picked her up from work and began driving toward their home in Whitehead Riles' Chevy Cobalt. On the way home, the Defendant Officers pulled the car over. The Defendant Officers approached the car and demanded that both Deaven and Whitehead Riles provide their drivers licenses; Deaven and Whitehead Riles complied. A short time later, the Defendant Officers ordered Deaven and Whitehead Riles to exit the car and to place their hands on the vehicle's trunk. The Defendant Officers proceeded to search the vehicle. The search lasted approximately 20 minutes. During the search, one of the Defendant Officers asked Deaven and Whitehead Riles where he could find drugs in the car. Deaven and Whitehead Riles responded that there were no drugs in the car. One of the Defendant Officers handcuffed Deaven and placed him in the rear of a police car. Unbeknownst to Deaven or Whitehead Riles, Deaven had been driving on a suspended license. While her son was placed in the squad car, Whitehead Riles stood with her hands on the trunk of her car as the Defendant Officers had ordered her to do some time earlier. One of the Defendant Officers then entered the driver's seat of Whitehead Riles' car and drove away. Because Whitehead Riles' hands were on the trunk of the car, she fell forward when the car began moving. Whitehead Riles hit her head on the ground and lost consciousness. Deaven saw his mother fall and alerted the Defendant Officers. Whitehead Riles was transported to a nearby hospital, where she regained consciousness.

---

[1] The facts in the background section are taken from the complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

The complaint contains seven counts: false arrest (Count I), unlawful search (Count II), excessive force (Count III), failure to intervene (Count IV), conspiracy (Count V), intentional infliction of emotional distress ("IIED") (Count VI), and *respondeat superior* and indemnification (Count VII). Although not outlined in its own claim, Whitehead Riles also seeks to hold the City liable via *Monell*—alleging in Counts I through V that the City maintains policies and practices that caused the Defendant Officers' misconduct. Defendants seek to dismiss the complaint in its entirety. The Court takes each claim in turn.

**I.     False Arrest**

In Count I, Whitehead Riles alleges that the Defendant Officers arrested her without probable cause. Defendants contend that the false arrest claim must be dismissed primarily

because the alleged facts do not constitute an arrest. "[A]n arrest—the seizure of a person— occurs 'when [an] officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *United States v. Benjamin*, 995 F.2d 756, 759 (7th Cir. 1993) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) (second alteration in original). Put another way, "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980). "[T]he crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Florida v. Bostick*, 501 U.S. 429, 437, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991) (citation omitted). "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554. What begins as a traffic stop "can be converted into a full-blown arrest if it extends beyond the time reasonably necessary to complete the purpose for which the stop was made." *Huff v. Reichert*, 744 F.3d 999, 1005 (7th Cir. 2014).

Here, Whitehead Riles alleges that her car was pulled over and that she was ordered to step out of the car and to place her hands on the car's trunk. She further alleges that there were as many as five officers on the scene. Whitehead Riles watched the Defendant Officers search her car and responded to an officer who asked where he could find drugs in the car. One of the

4

Defendant Officers then handcuffed Deaven Riles and placed him in a squad car. After observing all this, Whitehead Riles still had her hands on the trunk of the car pursuant to the Defendant Officers' order. The Court finds that Whitehead Riles has plausibly alleged that she was arrested given the presence of as many as five officers, the extended search of the car, the Defendant Officers' order that Whitehead Riles stand with her hands on the trunk, and the fact that the Defendant Officers handcuffed Deaven and placed him in a squad car apparently without explaining what charge he faced. Based on the facts alleged in the complaint, the Court may plausibly infer that a reasonable person would not feel free to walk away from this encounter. *See Mendenhall*, 446 U.S. at 554 (noting that facts indicating a seizure include the threatening presence of several officers and the indication that the individual must comply with the officer's request); *United States v. Finke*, 85 F.3d 1275, 1281 (7th Cir. 1996) (finding that an individual would not feel free to leave a traffic stop after the police informed him that a canine unit had been called to the scene); *Jones v. Hileman*, No. 07-CV-0606-MJR-DGW, 2008 WL 4482966, at *3 (S.D. Ill. Sept. 30, 2008) (finding that a wife plausibly alleged she had been arrested when she was ordered to stand still while her husband was handcuffed and placed in a squad car).

Additionally, the Defendant Officers argue that they had probable cause to pull the car over because one of the car's headlights was out. *United States v. Hernandez-Rivas*, 513 F.3d 753, 759 (7th Cir. 2008) ("[P]robable cause exists when the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense."). While probable cause would defeat a false arrest claim, *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679–80 (7th Cir. 2007), on a motion to dismiss for failure to state a claim the Court may not consider facts outside the complaint, *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000). Because the complaint does not indicate that the car's headlight was out or that

5

Deaven or Whitehead Riles had done anything else that might provide probable cause, the Court cannot find, at this stage, that the arrest was justified.

Likewise, at this stage the Court cannot find that qualified immunity protects the Defendant Officers. *See Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) ("A defendant may raise a qualified immunity defense in a motion to dismiss, but at this stage of the proceedings the only facts before us are those alleged in the complaint, which we are obliged to accept as true."). Qualified immunity shields officers from civil liability stemming from discretionary functions so long as their conduct did not violate a clearly established statutory or constitutional right that a reasonable person would have known. *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Stated another way, qualified immunity protects the Defendant Officers from the unlawful arrest claim only if a reasonable officer could have believed that probable cause existed to arrest Whitehead Riles in light of the information the Defendant Officers possessed at the time. *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L. Ed. 2d 589 (1991).

To survive a qualified immunity defense at this stage, the complaint must plausibly allege that the Defendant Officers violated Whitehead Riles' clearly established rights by arresting her without probable cause. Taking the facts alleged in the complaint as true and drawing all inferences in Whitehead Riles' favor, the Court finds that the complaint has satisfied this standard. First, Whitehead Riles plausibly alleges that the Defendant Officers lacked probable cause to arrest her. Nothing in the complaint leads the Court to conclude that the Defendant Officers had even an arguable lawful basis to arrest Whitehead Riles. *See McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012) ("In the context of a wrongful arrest, the question turns on whether the arresting officer had "arguable probable cause." (quoting *Jones v. Clark*, 630 F.3d

6

677, 684 (7th Cir. 2011))). Second, Whitehead Riles had a clearly established right to be free from arrest without probable cause. *Mustafa v. City of Chicago,* 442 F.3d 544, 548 (7th Cir. 2006). The Court may reasonably infer that a reasonable person in the Defendant Officers' position would have known that probable cause was required to make an arrest and that the Defendant Officers should have known that they lacked probable cause to arrest Whitehead Riles. The Court cannot find on the facts in the complaint that the Defendant Officers had probable cause or "arguable probable cause" to arrest Whitehead Riles.

## II. Unlawful Search

Whitehead Riles also brings a claim for unlawful search. In moving to dismiss this claim, Defendants assert that Count II "fail[s] to put the Defendant Officers on notice of the alleged unreasonable search of Plaintiff's person and property." Doc. 21 at 5. Defendants contend that because the "Factual Allegations" section of the complaint does not mention that Whitehead Riles was herself searched, she has not properly alleged an unlawful search claim. However, Count II sets out that the "Defendant Officers searched Plaintiff's person and vehicle without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime[.]" Doc. 1 ¶ 22. Thus, Whitehead Riles has, in fact, alleged that she was searched.

The Defendant Officers also contend that they were entitled to search Whitehead Riles' car as a search incident to a lawful arrest of Deaven Riles. Defendants cite *United States v. Fiala*, 929 F.2d 285, 288 (7th Cir. 1991) for the proposition that officers may lawfully search a vehicle incident to an arrest for driving without a license. However, in their motion to dismiss Defendants ignore a more recent case in which the Supreme Court held that officers were not permitted to search a vehicle incident to an arrest for driving on a suspended license because the

7

officers "could not expect to find evidence [of the offense] in the passenger compartment of [the] car." *Arizona v. Gant*, 556 U.S. 332, 344, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). "[T]he search-incident-to-arrest exception to the warrant requirement is justified by interests in officer safety and evidence preservation." *Id.* at 337. The Supreme Court held that where neither evidence preservation nor officer safety concerns are present, the search-incident-to-arrest exception does not provide a valid basis for a search. *Id.* at 335. In their reply, Defendants attempt to distinguish *Gant* by pointing out that the subject in *Gant* was handcuffed in a squad car and therefore posed no threat to the officers, while Whitehead Riles and her son were standing near the rear of the car with their hands on its trunk. Defendants contend that the Defendant Officers "could have reasonably believed that it was possible that the Plaintiff or her son could gain access to the vehicle[.]" Doc. 25 at 7. The Court rejects Defendants' attempt to distinguish *Gant*. Based on the facts alleged in the complaint, and drawing all inferences in Whitehead Riles' favor, Whitehead Riles and her son did not pose a threat to the Defendant Officers' safety when they had complied with orders and were standing with their hands on the trunk of the car. *Gant*, 556 U.S. at 344.

The Court also rejects the Defendant Officers' qualified immunity defense on Count II. Whitehead Riles plausibly asserts that the Defendant Officers lacked authority to search her car. And an individual's right to be free from unlawful searches of their car had been clearly established by the Supreme Court by the date of the incident. *See id.* at 335.

## III. Excessive Force

In Count III, Whitehead Riles alleges that the Defendant Officers used excessive force against her. Defendants again contend that the complaint "fails to put Defendants on notice as to when or what kind of excessive force was allegedly committed." Doc. 21 at 7. Defendants

8

further argue that the excessive force claim fails because it "merely alleges that '[on] or about September 15, 2013, one or more Defendant Officers subjected Plaintiff to excessive force.'" *Id.* (quoting Doc. 1 ¶ 27) (alteration in original). Defendants therefore assert that "Plaintiff's excessive force claim is the epitome of an insufficient pleading" because it is "completely bereft of any factual basis [of] support[.]" Doc. 21 at 7. However, the excessive force claim incorporates by reference paragraphs 1 through 15 of the complaint. In light of those paragraphs, the Court can plausibly infer that Whitehead Riles' excessive force claim springs from the head injury Whitehead Riles suffered after one of the Defendant Officers drove away in her car as she stood with her hands on the car's trunk.

Additionally, on the record before it, the Court cannot agree that qualified immunity protects the Defendant Officers from Count III. Whitehead Riles plausibly alleges that the Defendant Officers knowingly or intentionally caused her to hit her head on the street. And "[i]t is clear . . . that police officers do not have the right to shove, push, or otherwise assault innocent citizens without any provocation whatsoever." *Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir. 1996). Therefore, Whitehead Riles may proceed to discovery on her excessive force claim.

**IV.  Failure to Intervene**

Whitehead Riles also brings a claim against the Defendant Officers who failed to intervene on her behalf as her constitutional rights were violated. A plaintiff may prevail against an officer that did not himself infringe on the plaintiff's rights if the officer was present and failed to prevent another law enforcement officer from violating those rights despite a "realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). In order to be liable for failure to intervene, an officer must have reason to

9

know: "(1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official." *Id*.

Defendants seek to dismiss the failure to intervene claim solely on the basis that "Plaintiff has failed to sufficiently plead her false arrest, unreasonable search, and excessive force claims." Doc. 21 at 8. However, as set out above, the Court finds that Whitehead Riles has stated valid constitutional claims. Therefore, the Court rejects Defendants' argument, and the failure to intervene claim may proceed to discovery.

## V. Conspiracy

Count V alleges that the Defendant Officers conspired amongst each other to interfere with Whitehead Riles' constitutional rights. When pleading a § 1983 conspiracy, "it is enough . . . merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002). Defendants contend that the conspiracy charge must be dismissed because "Plaintiff fails to provide any facts regarding either an alleged agreement by the Defendants to deprive her of her constitutional rights or an actual deprivation of her constitutional rights by an overt act conducted in furtherance of the agreement." Doc. 21 at 10. However, Defendants both demand too much and ignore the factual allegations in the complaint. Plaintiffs are not subject to a higher pleading standard when alleging conspiracy claims; "all plaintiff needed to allege was a plausible account of a conspiracy." *Geinosky v. City of Chicago,* 675 F.3d 743, 749 (7th Cir. 2012). Whitehead Riles has done that, alleging that the Defendant Officers entered into an agreement amongst themselves to subject her to unlawful arrest, unlawful search, and excessive force. As set out above, Whitehead Riles also plausibly alleges that the Defendant Officers

followed through on their agreement by actually depriving her of her constitutional rights. Therefore, the Court denies Defendants' motion to dismiss the conspiracy claim.

**VI.** *Monell*

While the complaint does not set out a *Monell* claim in a separate count, Counts I through V contain allegations that amount to a *Monell* claim against the City. Pursuant to *Monell*, a municipality may be held liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Liability may be premised on (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Whitehead Riles proceeds via the first and second methods. The complaint alleges that the City failed to adequately train its officers to refrain from violating individuals' constitutional rights and failed to punish officers who violate the constitution. Whitehead Riles also alleges that the City maintains an express policy of not maintaining records of alleged police misconduct for more than five years. Additionally, Whitehead Riles claims that when evaluating the merits of a misconduct complaint against a police officer, the City refuses to consider prior unsustained allegations. Exacerbating this problem, Whitehead Riles contends that the City only sustains five percent of civil rights complaints against its officers.

Defendants make two primary arguments in moving to dismiss the *Monell* claim. First, Defendants contend that the *Monell* claim should be dismissed because it does not occupy its

own count in the complaint. Rule 10(b) sets out that "[i]f doing so would promote clarity, each claim founded upon a separate transaction or occurrence . . . must be stated in a separate count." Fed R. Civ. P. 10(b). The rule is intended to provide fair notice to the defendants of the claims against them and to "enable[ ] the court to grant relief on an entire count, not just part of a count." *Second Amendment Arms v. City of Chicago*, No. 10-CV-4257, 2012 WL 4464900, at *9 (N.D. Ill. Sept. 25, 2012) (dismissing a count where its "sprawling nature obfuscate[d] its essence"). The crux of the rule is "intelligibility, good organization, and basic coherence." *Awalt v. Marketti*, No. 11 C 6142, 2012 WL 1161500, at *10 (N.D. Ill. Apr. 9, 2012) (denying defendants' Rule 10 challenge because the complaint was intelligible as drafted). While Plaintiff could, and perhaps should, have pleaded her *Monell* claim in a separate count, the Court finds the claim to be intelligible as drafted and that it provides adequate notice to Defendants.

Second, Defendants contend that the *Monell* claim is insufficiently pleaded because it contains only boilerplate, conclusory allegations of a widespread policy without any supporting facts. *See Falk v. Perez*, 973 F. Supp. 2d 850, 864 (N.D. Ill. 2013) (dismissing *Monell* claim because, "by alleging 'widespread practices,' 'customs,' and 'unofficial policies,' Plaintiff merely states boilerplate legal conclusions that are the elements of her *Monell* claim"). "[A] single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993).

However, the Court finds that Whitehead Riles has sufficiently stated a *Monell* claim by alleging more than the mere elements of the claim. Specifically, Whitehead Riles alleges that the City fails to adequately train and punish its officers, expressly and intentionally fails to retain records of complaints against police officers, expressly ignores unsustained past allegations of

abuse when considering whether to sustain a complaint, and sustains a very low percentage of complaints. Therefore, Whitehead Riles may proceed on her *Monell* claim.

**VII.    State Law Claims**

In addition to the federal claims, Whitehead Riles brings state claims for IIED (Count VI) and *respondeat superior* and indemnification (Count VII). Defendants contend that because "Counts I through V should be dismissed, no federal claims will remain in this matter" and that "[t]he Court should therefore decline jurisdiction over Plaintiff's supplemental state law claims[.]" Doc. 21 at 14. Defendants do not offer an independent rationale for dismissing the state law claims. Because Whitehead Riles' federal § 1983 claims survive, the Court has supplemental jurisdiction over her state law claims and will not dismiss them. 28 U.S.C. § 1367(a).

## CONCLUSION

For the reasons outlined above, Defendants' motion to dismiss [21] is denied. Defendants are ordered to answer the complaint within fourteen days of this Order.

Dated: November 10, 2014

_____
SARA L. ELLIS
United States District Judge